**ABELSON & TRUESDALE, LLC**
By: Steven J. Abelson, Esq.
ID # SA 7987
80 West Main Street
P.O. Box 7005
Freehold, New Jersey  07728
(732) 462-4773
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No. 14-10198 (CMG) |
| GREGORY & DIANA NAPOLI | Chapter   13 |
| | **CERTIFICATION OF COUNSEL IN SUPPORT OF  MOTION** |
| Debtors | |
| | Hearing Date: **SEPT. 7, 20166 @ 9:00 A.M.** |

   STEVEN J. ABELSON hereby certifies as follows:

   1) I am an attorney at law of the State of New Jersey, this District, a member of the above firm and am charged with the representation of the Debtors in this matter.

   2) This Motion is admittedly brought out of a degree of frustration with the Creditor Statebridge Co. LLC.

   3) As the Court will recall, our Motion to Enforce the Provisions of the Confirmed Chapter 13 plan was first brought in April and returnable 5/18/16.  Upon request of the creditor, it was then adjourned to 6/1/16.

   4)   Upon resolution of the issues in Court, an Order was submitted and entered by the

Court on 6/6/16 (*Exhibit A*) awarding fees, damages to the Debtors (all within 15 days) and requiring submission of the 1098 Form.

5) Instead of honoring the resolution or the Court Order, the Creditor instructed its counsel to escape from its obligations and filed a Motion for Reconsideration although there was no legal basis for same. The transcript showed that the Order was consistent with the terms agreed upon and appropriate under the facts of the Motion. After oral argument on 7/20/16, the Court reconsidered the matter and reiterated the terms of its original 6/6/16 Court Order. This was memorialized in the Order of the Court of 7/26/16 (*Exhibit B*). The Court as well denied our Cross Motion for Contempt and additional damages.

6) Under both Orders, compliance was due within fifteen days of the 6/6 Order - or 6/21/16. No efforts has been made whatsoever by the Creditor to comply with the financial terms of this Order.

7) We reached out to counsel on 7/27 to inquire if the Creditor would voluntarily comply (*Exhibit C*). No affirmative response was received. Prior to filing this Motion, we again emailed counsel (*Exhibit D*) to inquire if compliance was forthcoming

8) We received the unacceptable response from counsel that upon receipt of a W-9 form, the creditor would make payment "ASAP." Initially, there is no Court requirement for a W-9 form, but we provided our's nevertheless. As for the debtors, the submission of same would make their damage award taxable income and that would be inappropriate. The 1098 form was finally provided however. (Exhibit E).

9) I have advised counsel that their response was wholly unacceptable and did not constitute compliance. (*Exhibit F*) As of this writing, the creditor is thirty-nine (39) days in default and a generic statement about making payment "ASAP" is not a serious attempt at

compliance given the degree of existing delinquency. We advised counsel that unless proof of compliance was provided, we would commence the within application. No such proof or further response has been received.

    10) It is abundantly clear that the Creditor herein will not voluntarily comply and unless we file this application and seek the further intervention of the Court, we will continue to be stonewalled as we have been now since May. After 39 days, a pointless Motion for Reconsideration, direction to comply from the bench, and two Court Orders, we are entitled to immediate full compliance.

    11) Additional damages are sought herein for the necessity of the within application.

    I hereby certify that the foregoing statements are true. If any of the foregoing statements are wilfully false, I realize that I am subject to punishment.

                                    /s/ *Steven J. Abelson*
                                 STEVEN J. ABELSON

July 31, 2016